CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
OCT 31 2005 C'ville
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
~~LYNCHBURG~~ Charlottesville DIVISION

| | |
|---|---|
| WILLIAM A. MACGUIRE,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL R. BOUTON,<br><br>Defendant. | CIVIL ACTION 3:05-mc-00012<br><br>ORDER AND OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the plaintiff's motion to proceed *in forma pauperis*. Because the Court is of the belief that the plaintiff lacks the financial resources to pay the requisite filing fee, said motion shall be, and hereby is, GRANTED.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court may order the *sua sponte* dismissal of *in forma pauperis* cases for failure to state a claim before the action is served upon the defendant. The statute authorizes courts to order such a dismissal if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The *sua sponte* dismissal of an *in forma pauperis* claim may occur only if the plaintiff "cannot make any rational argument in law or fact which would entitle him or her to relief." *Neitzke v. Williams*, 490 U.S. 319, 323 (1989) (citations omitted) (superceded for other purposes by statute). The "frivolous standard" is more lenient than that of Rule 12(b)(6) (dismissal for failure to state a claim for relief), but mandates that the

court dismiss a claim as frivolous where the complaint lacks an "arguable basis" either in law or in fact. *Id.* at 325; *see also Johnson v. Silvers*, 742 F.2d 823, 824 (4th Cir. 1984).

In his complaint, Plaintiff has alleged that Judge Bouton has denied his constitutional rights under 42 U.S.C. § 1983. On October 30, 1992, a circuit court judge in Orange County, Virginia, denied Plaintiff's application for a Certificate of Good Character. More than twelve years later, in January 2005, Plaintiff filed a motion for reconsideration of that denial, this time with Judge Bouton. Judge Bouton found that the motion for reconsideration was not filed in a timely manner and therefore the court no longer had jurisdiction over the matter. Accordingly, he denied the motion and dismissed the case. In May of 2005, Plaintiff sought relief under section 1983, claiming that Judge Bouton had deprived Plaintiff of his civil rights. This Court granted his motion to proceed *in forma pauperis* and dismissed his claim as frivolous, noting that Judge Bouton was protected by judicial immunity.

Plaintiff now comes before the Court again, seeking an alternative writ and essentially rearguing his claim under section 1983. Plaintiff's argument is moot under the Order of May 11, 2005. Even if were not, this claim suffers the same defects as Plaintiff's first claim and must also be dismissed.

As noted in this Court's Order of May 11, 2005, Plaintiff is effectively attempting to appeal the decision of Judge Bouton, which requires following the proper appellate procedure in Virginia, not a constitutional challenge in federal court. A section 1983 suit is not an effective substitute for an appeal of a court decision. *Davis v. Daughtrey*, 26 Fed. Appx. 178 (6th Cir. 2002) (unpublished). Further, to the extent that Plaintiff may be seeking monetary damages for the alleged section 1983 violation, he is barred by the doctrine of judicial immunity. A judge performing judicial functions is absolutely immune from suit seeking monetary damages.

*Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). Judicial immunity is available even if the judge acts erroneously, corruptly, or in excess of his or her jurisdiction. *Id.* at 11. However, a judge will not be immune from suit where: 1) the judge acts in a non-judicial capacity; or 2) the judge acts in complete absence of all jurisdiction. *Id.* at 11–12. A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction. *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985). In determining that the Orange County Circuit Court did not have jurisdiction to hear Plaintiff's motion for reconsideration, Judge Bouton was performing a judicial function and thus is entitled to absolute judicial immunity. Whether or not Judge Bouton was correct in his assessment of Plaintiff's case is irrelevant for section 1983 purposes, because his decision on the matter was a quintessential judicial function.

It is indisputable that Plaintiff could not prevail in a suit against the previously named defendants. Therefore, plaintiff's complaint lacks an "arguable basis" in law which would entitle him to relief from the aforementioned defendant.

Accordingly, it is hereby

## ADJUDGED AND ORDERED

that plaintiff's cause of action against these defendants is dismissed as frivolous under 28 U.S.C. § 1915 (e)(2)(B). The Clerk of the Court is directed to send a copy of this Order to all counsel of record.

ENTERED: *Norman K. Moon*
U.S. District Judge

October 31, 2005
Date